UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QBEX COMPUTADORAS S.A., <br> Plaintiff, <br> v. <br> INTEL CORPORATION, <br> Defendant. | Case No. 17-CV-03375-LHK <br> **ORDER CONSTRUING NOTICE OF VOLUNTARY DISMISSAL AS MOTION FOR LEAVE TO AMEND; GRANTING LEAVE TO AMEND; AND DENYING MOTION TO DISMISS AS MOOT** <br> Re: Dkt. Nos. 52, 53 |

Plaintiff Qbex Computadoras S.A. ("Qbex") filed its original complaint against Intel Corporation ("Intel") on June 12, 2017, in which Qbex alleged claims for common law fraud, violation of the Delaware Consumer Fraud Act, common law negligent misrepresentation, breach of the implied warranty of merchantability, breach of the covenant of good faith and fair dealing, unjust enrichment, civil conspiracy, and breach of contract. ECF No. 1. On November 17, 2017, the Court granted in part and denied in part Intel's motion to dismiss. ECF No. 41. Relevant here, the Court denied without prejudice Intel's motion to dismiss Qbex's claim for breach of the implied covenant of good faith and fair dealing insofar as the claim was based on Intel's alleged obligation to provide non-defective products. *Id.* at 32. The Court denied Intel's motion to

1

Case No. 17-CV-03375-LHK
ORDER CONSTRUING NOTICE OF VOLUNTARY DISMISSAL AS MOTION FOR LEAVE TO AMEND; GRANTING LEAVE TO AMEND; AND DENYING MOTION TO DISMISS AS MOOT

dismiss Qbex's claim for breach of the implied covenant of good faith and fair dealing insofar as the claim was based on Intel's alleged obligation to provide continued technical support. *Id.*

On December 18, 2017, Qbex filed its First Amended Complaint. ECF No. 48. Relevant here, the First Amended Complaint alleged a claim for breach of the covenant of good faith and fair dealing based on the same two implied obligations: to provide non-defective products and to provide continuing technical support. *Id.* ¶¶ 127-28.

On January 16, 2018, Intel filed a motion to dismiss in part the First Amended Complaint. ECF No. 52. The only claim that Intel sought to dismiss was the claim for "breach of the implied covenant of good faith and fair dealing, insofar as it asserts a claim for damages for the sale of allegedly defective products." *Id.* at 1. Intel also concurrently filed an answer responding to the other claims in the First Amended Complaint, as required by the Court's November 17, 2017 order. *See* ECF No. 41 at 33; ECF No. 51.

Qbex's opposition to the motion to dismiss was due on January 30, 2018. *See* Civ. Local R. 7-3(a). Qbex did not file an opposition. Instead, on January 31, 2018, Qbex filed a notice of voluntary dismissal. ECF No. 53. The notice of voluntary dismissal stated that Qbex "hereby dismisses its third claim for relief for breach of the implied covenant of good faith and fair dealing, alleged in the Amended Complaint [D.E. 48], without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)." *Id.* Intel has not filed anything in response to the notice of voluntary dismissal, although the Court notes that the parties' joint case management statement, which the parties filed on March 21, 2018, omits any reference to the breach of the implied covenant of good faith and fair dealing claim. *See* ECF No. 59. Presumably, this reflects the parties' understanding that the breach of the implied covenant of good faith and fair dealing claim is no longer in the case.

However, the Ninth Circuit has held that "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (quoting *Ethridge v. Harbor*

2

Case No. 17-CV-03375-LHK
ORDER CONSTRUING NOTICE OF VOLUNTARY DISMISSAL AS MOTION FOR LEAVE TO AMEND; GRANTING LEAVE TO AMEND; AND DENYING MOTION TO DISMISS AS MOOT

*House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988)). "Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings." *Id.* Thus, under *Hells Canyon*, the Court construes Qbex's notice of voluntary dismissal as a motion to amend its complaint under Rule 15(a). *See id.* at 689 ("[W]hat the district court should have done, and what we believe it did do, was treat HCPC's oral withdrawal of its Wilderness Act claim as a motion to amend its complaint under Rule 15(a).").

Rule 15(a)(2) is the applicable provision here, because Qbex has already amended its complaint once. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As evidenced by the fact that Intel already moved to dismiss the claim for breach of the implied covenant of good faith and fair dealing, ECF No. 52, the Court finds that it is in the interest of justice to allow Qbex to amend its complaint to remove the claim for breach of the implied covenant of good faith and fair dealing. Accordingly, within 7 days from the issuance of this order, Qbex shall file a second amended complaint that removes the claim for breach of the implied covenant of good faith and fair dealing. Within 7 days of the filing of the second amended complaint, Intel shall file an answer to the second amended complaint. Apart from removing the claim for breach of the implied covenant of good faith and fair dealing, neither party may make any other changes to their pleadings without the Court's permission. Finally, the Court DENIES as moot Intel's motion to dismiss in part the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: April 25, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No. 17-CV-03375-LHK
ORDER CONSTRUING NOTICE OF VOLUNTARY DISMISSAL AS MOTION FOR LEAVE TO AMEND; GRANTING LEAVE TO AMEND; AND DENYING MOTION TO DISMISS AS MOOT