# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QBEX COMPUTADORAS S.A., <br><br> Plaintiff, <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Case No. 17-cv-03375-LHK (SVK) <br><br> **ORDER REGARDING JUNE 14, 2018 JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 75 |

Before the Court is a discovery dispute relating to the deposition of Plaintiff Qbex Computadores, S.A.'s ("Qbex") Fed. R. Civ. P. 30(b)(6) representative. ECF 75. In this matter, Qbex alleges that Intel Corporation ("Intel") provided defective microprocessors that were incorporated into smartphones sold by Qbex in Brazil. On May 25, 2018, Intel noticed the deposition of Qbex's Fed. R. Civ. P. 30(b)(6) representative for June 7 and 8, 2018, in Los Angeles, California.[1] On June 1, 2018, Qbex notified Intel it would not produce a witness for a deposition on those dates. On June 5, the parties met and conferred without success, and on June 6, Qbex served objections to Intel's requested deposition topics.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. The Court ORDERS as follows:

1. Qbex must produce its Fed. R. Civ. P. 30(b)(6) representative for a deposition to take place on or before July 13, 2018. Qbex has a duty produce a representative witness, and Qbex can only cancel or stay a properly noticed deposition by obtaining a protective order from the Court. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Qbex has neither moved for a protective order nor demonstrated the necessary good cause. *See*

---

[1] Intel had previously issued Fed. R. Civ. P. 30(b)(6) notices on March 6 and April 24, 2018. Presumably each successive notice preempted the previous notice.

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted.").

2. The parties shall meet and confer immediately regarding the deposition topics and Qbex's objections thereto. The parties are reminded of their obligation under the Local Rules to meet and confer in good faith. *See Twilio, Inc. v. Telesign Corp.*, No. 6CV06925LHKSVK, 2017 WL 5525929, at *4 (N.D. Cal. Nov. 17, 2017). If the parties cannot resolve their dispute, they must identify any outstanding issues in a joint statement by June 25, 2018. The parties' statement must comply with the Court's standing order and briefly describe each unresolved issue with particularity as well as state each party's proposed compromise with respect to each issue in a coordinated format that allows for easy comparison.

3. Intel has not yet requested to take Mr. Joabe Fonseca's deposition in his personal capacity, so Intel's ability to do so is not properly before the Court. It appears that Qbex has made a record of its offer to make Mr. Fonseca available immediately following the Fed. R. Civ. P. 30(b)(6) deposition.

4. Finally, the Court denies Intel's motion for sanctions without prejudice.

**SO ORDERED.**

Dated: June 19, 2018

SUSAN VAN KEULEN
United States Magistrate Judge